2003 WY 64

**Ivan Lee SWEETS, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 02–92.

Supreme Court of Wyoming.

May 23, 2003.

Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Tina N. Kerin, Senior Assistant Appellate Counsel, Representing Appellant.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Ericka S. Cook, Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN, and VOIGT, JJ., and BURKE, D.J.

BURKE, District Judge.

■ Appellant Ivan Sweets (Sweets) appeals a district court's order that revoked his probation and imposed the underlying two-to-four-year prison sentence. Sweets alleges that he was denied due process because he was not given notice of allegations upon which the district court based its decision. We find that Sweets' admission to one of the allegations in the petition conclusively established a probation violation, and that the district court did not abuse its discretion in revoking probation. We affirm.

## ISSUES

[¶ 2] Sweets presents the following issue for review:

Whether the district court erred in revoking [Sweets'] probation and violated his right to due process by revoking [his] probation based upon allegations of which [he] had no notice[.]

The State phrases the issue as follows:

Whether the district court abused its discretion when it revoked [Sweets'] probation after [he] admitted an allegation in the petition for revocation.

## FACTS

■ On May 17, 2000, Sweets pleaded guilty to a charge of delivery of cocaine in violation of Wyo. Stat. Ann. § 35–7–1031(a)(i) (LexisNexis 2001). Pursuant to a plea agreement, a prison term of two to four years was suspended, and Sweets was placed on supervised probation for four years. The district court set forth terms of probation, including conditions that Sweets abide by the law and not consume, possess, purchase, or sell any illegal controlled substance.

[¶ 4] On November 7, 2001, the State filed a petition to revoke Sweets' probation. The petition alleged the following probation violations: Sweets failed to report to his probation agent; he failed to attend Criminal Thinking Group; he refused to report to a specified location to provide a urine sample; his urine tested positive for cocaine on three occasions; he failed to obtain a substance abuse evaluation; and he refused and failed to apply for, enroll in, and complete the Intensive Supervision Program (ISP).

■ On November 19, 2001, the district court advised Sweets of his rights in accordance with W.R.Cr.P. 39(a)(3). On December 14, 2001, Sweets appeared with his attorney and denied the allegations of the petition.

■ After several continuances, a final hearing on the petition was held on February 27, 2002. Prior to any testimony being presented, Sweets admitted to having violated his probation by using cocaine. The hearing proceeded on the remaining allegations of the petition.

[¶ 7] The State presented the testimony of the probation agent currently assigned to Sweets. The agent's testimony was based upon her limited recollection of the written notes made by a previous agent. At the conclusion of the agent's testimony, the district court concluded that the evidence did not support a finding that Sweets had violated his probation for failing to report, for failing to attend Criminal Thinking Group, for refusing to provide a urine sample, or for failing to obtain a substance abuse evaluation. After Sweets testified and counsel presented argument, the district court further concluded that the State failed to demonstrate that Sweets had failed to participate in ISP.

[¶ 8] The district court determined that Sweets admitted an allegation in the petition and that the admitted conduct violated terms of probation. The district court revoked probation and sentenced Sweets to the state penitentiary to serve the two-to-four-year sentence. This appeal followed.

## STANDARD OF REVIEW

■ [¶ 9] A district court's decision to revoke probation and impose a sentence is

discretionary and will not be disturbed unless the record shows a clear abuse of discretion. *Mapp v. State,* 929 P.2d 1222, 1225 (Wyo. 1996); *Kupec v. State,* 835 P.2d 359, 362 (Wyo.1992). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998). "Upon review, all that is necessary to uphold a district court's decision to revoke probation is evidence that it made a conscientious judgment, after hearing the facts, that a condition of probation had been violated." *Krow v. State,* 840 P.2d 261, 264 (Wyo.1992).

## DISCUSSION

[¶ 10] Sweets argues that the district court's decision to revoke probation was based upon information of which he had no notice, thereby violating his right to due process. A probation revocation proceeding consists of two distinct phases. The first part, the adjudicatory phase, requires the district court to determine by a preponderance of the evidence whether a condition of probation was violated. W.R.Cr.P. 39(a)(5). The second, dispositional phase, is triggered only upon a finding that a condition of probation was violated. *Mapp,* 929 P.2d at 1226.

[¶ 11] Due process requires that a defendant be given written notice of the claimed violations of probation. *Shaw v. State,* 998 P.2d 965, 967 (Wyo.2000). In probation revocation proceedings, notice pertains to the charges regarding a violation of the conditions of probation, not to matters discussed during a dispositional phase. W.R.Cr.P. 39(a)(4); *Gailey v. State,* 882 P.2d 888, 892 (Wyo.1994). Sweets does not claim that he did not receive a copy of the petition or that the petition did not set forth an alleged violation based upon cocaine use. Sweets' concern about notice seems to be directed at the dispositional phase and is not, in actuality, a due process argument. In addressing Sweets' concerns, we will consider whether the district court abused its discretion in revoking Sweets' probation.

[¶ 12] Sweets concedes that he admitted using cocaine, but asserts that because none of the other allegations of the petition were established, the district court erred in revoking his probation. He contends that three positive urinalyses, standing alone, would not have prompted Probation and Parole to petition to revoke his probation and should not result in revocation. However, Sweets was advised before he admitted the allegation that *any* violation of his probation could result in revocation and imposition of the suspended prison sentence. Additionally, we reject the notion that illicit drug use is not conduct sufficiently serious to prompt revocation proceedings.

[¶ 13] Sweets' admission that he violated a condition of probation conclusively established the violation. *Mapp,* 929 P.2d at 1226. Once a violation is established, the district court considers an appropriate disposition. *Id.*

[¶ 14] Sweets asserts that remarks by the district court demonstrate that its decision to revoke was based upon violations other than his admitted use of cocaine. At the revocation hearing the district court commented:

Mr. Sweets, let me finish here. You know what got you here this last time, it wasn't the probation violations. It was delivery of cocaine. You know, that was a felony for which you were facing, you know, a lot of years in prison, and as a third-time offender, you got a tremendous break when you got probation this time. You were facing up to 20 years in prison and a $25,000 fine, and after having gone to the penitentiary twice, you got a two-to-four-year suspended sentence, and for the past two years, probation has not aided you in any way, because we now have another—you're still dinking around with cocaine six months ago, and who knows how many other times because you did not go to your probation agent and you were not getting UAs.

I don't know if there were more. I guess I can't assume that there were, but I do know that you did use cocaine on three times. You don't grow that in your own home. You're dealing with drug dealers. Those are people you're not supposed to be

associating with. You haven't cut off your previous ties to your—your drug life.

This Court is revoking your probation and sending you to the State penitentiary, there to serve your two-to-four-year prison sentence.

[¶ 15] Sweets claims that he did not receive notice that associating with "drug dealers" was a claimed violation. However, the district court did not find a violation of probation terms based on association with drug dealers. The above-quoted comments were made during the dispositional phase and explain the district court's disposition, not its findings as to the violations established.

[¶ 16] In the dispositional phase, the district court must deliberate not only upon the violation, but also the reasons the conditions were originally imposed and the circumstances surrounding the violation. After consideration of all these factors, the district court must then determine the appropriate consequences of the probationer's violation. *Mapp*, 929 P.2d at 1226. The record reveals thoughtful consideration by the district court, and we find no abuse of discretion in the imposition of a prison term. Sweets was placed on probation for a drug crime, so abstinence from illegal drugs would appear to be critical to successful probation. In considering the circumstances surrounding the violation, the district court inferred that Sweets still had ties to the drug world.

[¶ 17] Sweets contends that the district court failed to consider intensive supervised probation as an alternative to prison. However, the record demonstrates that the district court did consider probation and concluded that it had not aided him in any way. By referring to Sweets' continued drug use and his failure to report to his agent during the time the revocation was pending, the district court explained why continued probation was not appropriate.

## CONCLUSION

[¶ 18] Sweets' admitted use of cocaine was a violation of his probation, and the district court did not abuse its discretion by revoking probation. The order revoking Sweets' probation and imposing sentence is affirmed.