2008 WY 70

**Christopher EDRINGTON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–07–0171.

Supreme Court of Wyoming.

June 20, 2008.

Representing Appellant: Sylvia Lee Hackl of Cheyenne, Wyoming; * Michael ·H. Reese of Michel Henry Reese, P.C., Cheyenne, Wyoming.**

Representing Appellee: Bruce A: Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Jenny L. Craig, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] Appellant, Christopher Edrington, contests the district court's decision to revoke his probation. Appellant admits that he violated his probation but asserts that his violation was not willful because he was suffering from mental illness at the time and that the district court therefore abused its discretion when it reinstated his suspended sentence. We affirm the district court's decision.

---

* Order Granting Motion to Withdraw entered March 13, 2008.

** Entry of Appearance entered March 13, 2008.

## ISSUE

[¶ 2] Did the district court abuse its discretion when it revoked Appellant's probation?

## FACTS

[¶ 3] On April 10, 2006, Appellant agreed to plead *nolo contendere*[1] to attempted delivery of a controlled substance in violation of Wyo. Stat. Ann. §§ 35–7–1031 and 35–7–1042 (LexisNexis 2007). In exchange for this plea, Appellant's seven-to-ten-year sentence was suspended and, in a Judgment and Sentence dated May 12, 2006, the district court placed Appellant on probation for a term of eight years. As part of his probation, Appellant agreed to complete a treatment program at Southwest Counseling Service. The State agreed to stipulate to reduce Appellant's sentence to three to five years, to be suspended in favor of four years of probation, if Appellant successfully completed the program. The plea agreement stated that failure to complete the inpatient treatment program would result in reinstatement of the original sentence.

[¶ 4] On May 5, 2006, the state filed a petition to revoke Appellant's probation as a result of his termination from the inpatient treatment program. The State rescinded that petition on July 12, 2006, and, pursuant to agreement, the district court entered an Amended Judgment and Sentence of the Court on July 21, 2006. Under the new sentence, Appellant was required to complete inpatient treatment at the "Transitional Residential Program" (TRP).

[¶ 5] On September 13, 2006, the State filed another Petition for Revocation of Probation because Appellant had been terminated from TRP without successfully completing the program. The district court held an evidentiary hearing in the probation revocation on April 11, 2007. At the close of the hearing, the district court indicated that it was revoking Appellant's probation and reinstating the original seven-to-ten-year sentence. An order to that effect was entered on April 30, 2007. This appeal followed.

## STANDARD OF REVIEW

[¶ 6] We apply the following standard of review to a district court's decision to revoke probation:

> A district court's decision to revoke probation is discretionary and will not be disturbed unless the record demonstrates a clear abuse of discretion. The district court is required to make a conscientious judgment that the violation occurred after considering the reasons underlying the conditions of the probation, the violation of those conditions, and the reasons leading to the violation.

*Anderson v. State*, 2002 WY 46, ¶ 25, 43 P.3d 108, 118 (Wyo.2002). We review the district court's findings of fact according to the following standard:

> Because the trial court heard and weighed the evidence, assessed witness credibility, and made the necessary inferences and deductions from the evidence, the trial court's factual findings are not disturbed on appeal unless they are clearly erroneous, and the evidence is viewed in the light most favorable to the trial court's determination

*Robinson v. State*, 2003 WY 32, ¶ 15, 64 P.3d 743, 747–48 (Wyo.2003).

## DISCUSSION

[¶ 7] Revocation of probation is largely governed by court rule. W.R.Cr.P. 39. The State is required to establish the violation of the conditions of probation alleged in the petition by a preponderance of the evidence. W.R.Cr.P. 39(a)(5).

. . . .

> [I]n order to revoke probation for the violation of a condition of probation not involving the payment of money, the violation must be willful, or if not willful, must presently threaten the safety of society.

*Messer v. State*, 2006 WY 141, ¶ 9, 145 P.3d 457, 459–60 (Wyo.2006).

The proceedings for probation revocation consist of a two-part process. The first part, the adjudicatory phase, requires

---

1. Both parties concede, and the plea agreement states, that Appellant was to plead *nolo contendere*. However, both the Judgment and Sentence and the Amended Judgment and Sentence state that Appellant pled guilty.

the district court to determine by a preponderance of the evidence whether a condition of probation was violated. W.R.Cr.P. 39(a)(5) The second, dispositional phase, is triggered only upon a finding that a condition of probation was violated. In this phase, the district court must deliberate not only upon the violation, but also the reasons the conditions were originally imposed and the circumstances surrounding the violation.

*Mapp v. State,* 929 P.2d 1222, 1226 (Wyo. 1996). "Willfulness is determined at the dispositional phase of the proceedings." *Sinning v. State,* 2007 WY 193, ¶ 10, 172 P.3d 388, 390 (Wyo.2007).

[¶ 8] The parties agree that Appellant failed to complete the program at TRP to which the district court assigned him. Both sides agree that TRP terminated Appellant from the program because he repeatedly violated the program's rules. Appellant, however, claims that he was incapable of following those rules because he suffers from a mental illness. Therefore, Appellant argues that his violation was not willful and that it was an abuse of the district court's discretion to revoke his probation.

[¶ 9] We have said that the term "willful" is to be accorded its ordinary and common meaning unless a statute indicates that some specialized meaning is intended. *Butz v. State,* 2007 WY 152, ¶ 21, 167 P.3d 650, 656 (Wyo.2007). "Willfully means intentionally, knowingly, purposely, voluntarily, consciously, deliberately, and without justifiable excuse, as distinguished from carelessly, inadvertently, accidentally, negligently, heedlessly or thoughtlessly." *Id.* at ¶ 20, 167 P.3d at 655. Whether or not a violation was willful is a matter of intent, which is a question of fact. *Bryant v. State,* 7 Wyo. 311, 56 P. 596, 597 (1899). We will not disturb the trial court's determination that Appellant willfully violated his probation unless that determination was clearly erroneous. *See supra* ¶ 6.

[¶ 10] Considering all the evidence in the light most favorable to the district court's decision, we cannot say that the district court's determination that Appellant willfully violated his probation was clearly erroneous. Appellant's probation officer, the director of his program at TRP, and a forensic psychologist all testified at the probation revocation hearing. Appellant also testified on his own behalf. Appellant testified that he was aware of the terms of his probation, and knew he had to "follow the rules." He also testified that he was informed of the program rules at TRP when he entered the facility and that he failed to conform his behavior to those rules.

[¶ 11] The program director testified that Appellant was uncooperative and argumentative during his treatment. He cited several incidents, including one in which Appellant refused to allow staff properly to administer a drug test for nearly two hours. The director also testified that Appellant broke the program rules repeatedly by having unauthorized contact with women at the program facility and on outings. Appellant also refused to follow the peer companion system that required him to be with a fellow program member at all times when outside the facility.

[¶ 12] The forensic psychologist testified that he had diagnosed Appellant with a severe form of antisocial personality disorder called psychopathy. He testified that Appellant's behavior as described by the other witnesses was consistent with his diagnosis. However, the psychologist also testified that Appellant did not suffer from any cognitive defects that would prevent him from understanding right from wrong and that Appellant had the cognitive ability to understand the rules of his program. The psychologist also found that Appellant was manipulative during the interview process. Appellant purported to hear voices but later admitted that he thought a diagnosis of schizophrenia would be a good strategy for getting out of jail. The psychologist ruled out a diagnosis of schizophrenia and agreed that Appellant does not suffer from any disorder that would prevent him from understanding the nature or quality of his actions. The psychologist's testimony did not indicate an innate inability for Appellant to conform his behavior to the rules, but merely an unwillingness to do so. The diagnosis itself was also called into doubt by Appellant's attempts to manipulate the process. Viewing this evidence in the light most favorable to the district court's decision, we find that it was not clearly erroneous for

the district court to conclude that Appellant acted willfully in violating the rules of his court-ordered treatment program.

[¶ 13] We further find that the district court did not abuse its discretion when it revoked Appellant's probation and reinstated his full sentence. The psychologist testified that any successful program for a person like Appellant with a dual diagnosis of substance abuse disorder and personality disorder would require intensive cognitive therapy and external structure. Appellant testified that he had stopped taking his medication while in prison and admitted that, since ceasing his medication, he had been placed in administrative segregation because of a failure to follow rules while incarcerated. Appellant emphasized that he did not want a structured program, saying that he was instead willing to attend outpatient treatment or to see a counselor while he was on probation. He repeatedly demonstrated a continued unwillingness to treat his mental illness in any way that did not conform to his own preferences.

[¶ 14] In his plea bargain, Appellant agreed that his full sentence would be reinstated if he did not successfully complete his inpatient treatment program. It is evident that Appellant's chances of successfully completing a treatment program while on probation were low if he suffers from antisocial personality disorder. While it is certainly preferable to place an individual with a dual diagnosis in a program designed specifically to treat such people, the district court is not required to ensure that every difficulty faced by a probationer is addressed by court order. The fact that the court had not ordered outpatient treatment for mental health, which Appellant now advocates as his best option, did not prevent Appellant from seeking such treatment during his probation if he felt it would increase his chances of success. In the absence of a program designed to treat all of Appellant's issues,[2] both parties agreed to the only available option. After finding that Appellant willfully violated the rules of his probation by failing to complete his inpatient treatment, it was not abuse of discretion for the district court to conclude that he was no longer an appropriate candidate for continued probation.

## CONCLUSION

[¶ 15] It was not clearly erroneous to find that Appellant violated his probation willingly. Appellant's mental health diagnosis was called into doubt by his attempts to manipulate the diagnosis. Additionally, the mental illness with which Appellant was diagnosed would not have prevented him from understanding the rules of his program or the nature and consequences of his actions. The district court did not abuse its discretion when it revoked Appellant's probation and reinstated his full sentence.

[¶ 16] We affirm.

2. There was substantial testimony at the hearing about the lack of availability of integrated programs to treat individuals who suffer from mental illness coupled with substance abuse problems.