2011 WY 43

**Christopher Donald HOWARD,**
**Appellant (Defendant),**

v.

**The STATE Of Wyoming,**
**Appellee (Plaintiff).**

**No. S–10–0132.**

Supreme Court of Wyoming.

March 10, 2011.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Jenny L. Craig, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1]   Christopher Howard appeals the district court's decision revoking his probation.  We affirm.

## ISSUE

[¶ 2]   Howard raises one issue before this Court:

The court abused its discretion by considering quadruple hearsay.

## FACTS

[¶ 3]   In April of 2009, Christopher Howard was charged with three counts of interference with a peace officer (two felonies and one misdemeanor).  Pursuant to a plea agreement, Howard pleaded guilty to one of the felony counts, after which a sentence of three to seven years was imposed.  That sentence was suspended in favor of three years supervised probation.  As a condition of probation, Howard was to complete the Volunteers of America (VOA) program at its facility in Gillette.

[¶ 4]   Less than two months after his probation was imposed, on January 29, 2010, the State filed a petition to revoke Howard's probation.  The State alleged that Howard violated the probation terms by being terminated from the VOA program because he violated the program rules.  The State alleged the violations were twofold: (1) Howard went to an Osco Pharmacy to obtain prescription medication, and (2) Howard lied to VOA staff when questioned about going to Osco.  It is a violation of the VOA program rules for a participant to pick up his own medication at the pharmacy.

[¶ 5]   A probation revocation hearing was scheduled.   Prior to the hearing, however, Howard filed a motion to modify his sentence, requesting that his probation be modified to require him to complete a different treatment program.   At the hearing, the parties stipulated to the following: Howard failed to complete the VOA program; Howard had a valid prescription for medication; VOA was aware of Howard's prescription; and the prescription was a refill that VOA personnel had previously picked up for Howard.   Howard conceded that he failed to complete the VOA program, to which the judge stated during the hearing, "[t]hat takes us from the adjudicatory phase to the dispositional phase of this hearing, at which the State must prove that [Howard] acted willfully."   The parties agreed.

[¶ 6]   Two witnesses testified during the State's attempt to prove that Howard acted willfully.   A probation agent testified that Howard went to Osco, but on cross-examination, the agent testified that she was only told this fact by the VOA director, who received the information "fourth hand."   Counter to what the probation agent stated during her examination, Howard testified that he never entered Osco, but instead merely telephoned the store to ensure his insurance had paid for the medication so that a staff member from VOA could pick it up.   Howard's girlfriend also testified that Howard never entered Osco.

[¶ 7]   The district court nevertheless revoked Howard's probation and re-imposed the underlying sentence of three to seven years.   This appeal followed.

## STANDARD OF REVIEW

[¶ 8]   We review probation revocation proceedings under our abuse of discretion standard:

A district court's decision to revoke probation and impose a sentence is discretionary and will not be disturbed unless the record demonstrates a clear abuse of discretion. *Mapp v. State*, 929 P.2d 1222, 1225 (Wyo. 1996).   We review the district court's decision to determine whether the court could reasonably conclude as it did. *Id.*   "Upon review, all that is necessary to uphold a

district court's decision to revoke probation is evidence that it made a conscientious judgment, after hearing the facts, that a condition of probation had been violated." *Sweets v. State*, 2003 WY 64, ¶ 9, 69 P.3d 404, 406 (Wyo.2003).

*Forbes v. State*, 2009 WY 146, ¶ 6, 220 P.3d 510, 512–13 (Wyo.2009).

## DISCUSSION

[¶ 9]   Howard argues on appeal that the district court abused its discretion by revoking his probation based on quadruple hearsay.   Despite his attorney's concession that only the dispositional phase was contested, Howard argues that his defense related to both the adjudicative and dispositional phases.   His defense was, ostensibly, that he was wrongfully terminated from VOA although he had not violated VOA rules.

[¶ 10]   As part of his argument, Howard weaves in the assertion that his defense was related to both the dispositional phase and the adjudicative phase.   Howard challenges case law that indicates that the adjudicatory phase is over once it is established that the probationer did not complete the program in question.   Furthermore, Howard argues that the "fourth hand" information does not meet due process requirements, let alone minimal requirements required in the dispositional phase.

[¶ 11]   Revocation proceedings are largely governed by W.R.Cr.P. 39 and consist of a two-part process:

The first part, the adjudicatory phase, requires the district court to determine by a preponderance of the evidence whether or not a condition of probation has been violated. W.R.Cr.P. 39(a)(5).   This determination must be based on verified facts and must be made in accordance with constitutional due process requirements and the Wyoming Rules of Evidence. *Mapp v. State*, 929 P.2d 1222, 1226 (Wyo.1996).   The second part, the dispositional phase, is triggered only upon a finding that a condition of probation was violated. *Id.*   During this phase, the district court must determine the appropriate consequences of the probation violation.   In making this

determination, the district court must consider not only the violation, but also the reasons the condition was originally imposed and the circumstances surrounding the violation. *Id.; Gailey v. State,* 882 P.2d 888, 891–92 (Wyo.1994); *Minchew v. State,* 685 P.2d 30, 32 (Wyo.1984).

*Foster v. State,* 2010 WY 135, ¶ 8, 240 P.3d 200, 202 (Wyo.2010). W.R.Cr.P. 39 states in relevant part:

> *(a) Revocation.*—Proceedings for revocation of probation shall be initiated by a petition for revocation filed by the attorney for the state, setting forth the conditions of probation which are alleged to have been violated by the probationer and the facts establishing the violation.
>
> . . . .
>
> (5) *Hearing.*—At the hearing upon the petition for revocation of probation, the state must establish the violation of the conditions of probation alleged in the petition by a preponderance of the evidence.
>
> (A) The probationer shall have the right to appear in person and by counsel, to confront and examine adverse witnesses, and at the dispositional stage to make a statement in mitigation of revocation.
>
> (B) The Wyoming Rules of Evidence shall apply to the adjudicative phase of probation revocation hearings; however, hearsay that is probative, trustworthy and credible may be received into evidence. The Wyoming Rules of Evidence do not apply to the dispositional stage.

We echoed the purpose of Rule 39 in *Edrington v. State,* 2008 WY 70, ¶ 7, 185 P.3d 1264 (Wyo.2008), and in that context we stated:

> [I]n order to revoke probation for the violation of a condition of probation not involving the payment of money, the violation must be willful, or if not willful, must presently threaten the safety of society.
>
> . . . .
>
> Willfulness is determined at the dispositional phase of the proceedings.

*Id.,* ¶ 7, 185 P.3d at 1266–67 (citations omitted). We have said that the term "willful" is to be accorded its ordinary and common meaning unless a statute indicates that some specialized meaning is intended.

> "Willfully means intentionally, knowingly, purposely, voluntarily, consciously, deliberately, and without justifiable excuse, as distinguished from carelessly, inadvertently, accidentally, negligently, heedlessly, or thoughtlessly." Whether or not a violation was willful is a matter of intent, which is a question of fact. We will not disturb the trial court's determination that Appellant willfully violated his probation unless that determination was clearly erroneous.

*Id.,* ¶ 9, 185 P.3d at 1267 (citations omitted).

[¶ 12]   The second portion of the proceeding, the dispositional phase, determines whether, in light of a proven violation, probation should be revoked. *Gailey v. State,* 882 P.2d 888, 891–92 (Wyo.1994). This portion of the proceeding excludes the rules of evidence, and while general due process protections continue to attach during this phase, "[t]he sufficiency of the evidence to sustain an order revoking probation is a matter within the sound discretion of the trial court." *Id.,* at 892 (citation omitted). A conscientious judgment after hearing the facts is adequate.

[¶ 13]   During the first stage of Howard's probation revocation proceeding, the adjudicative phase, Howard admitted to failing to complete a condition of his probation. As documented by the stipulation filed with the district court on the date of the probation revocation hearing, Howard did not dispute that he failed to successfully complete the VOA program. Actually, he admitted to failing the program.

[¶ 14]   Following Howard's admission to the violation, the district court moved to the dispositional phase of the probation revocation proceedings. During the dispositional phase, the district court's only job is to determine the "appropriate consequences of the probation violation." *Foster,* ¶ 8, 240 P.3d at 202. Howard's probation agent testified during the dispositional phase that she had been informed Howard was terminated from the program after he attempted to pick up a prescription from the Osco Pharmacy and later lied about the incident, both of

which are against program rules. Howard's probation agent faced questions on cross-examination regarding the fact that she did not witness Howard in Osco and only heard the information third or fourth hand. Howard's case manager also testified regarding the incident that a hearing took place at the VOA, and after it was determined that he violated the rules, he was therefore terminated from the VOA.

[¶ 15] Despite the fact that the probation agent's testimony regarding the rule infraction was based upon hearsay, as she did not personally observe it, the district court did not abuse its discretion when it used this information to revoke Howard's probation. Rule 39(a)(5)(B) is clear that the rules of evidence do not apply to the dispositional phase. Furthermore, this Court has wholly accepted the theory that when a district court "turns its attention to the second stage of the revocation hearing, hearsay evidence will be useful in determining whether or not to revoke probation in light of the prior finding of a probation violation." *Mapp v. State*, 929 P.2d 1222, 1227 (citations omitted). Moreover, Howard cannot simply "unring the bell" by ignoring the stipulation he filed wherein he specifically admitted that a willful violation occurred.

[¶ 16] Based upon the evidence in the record and the evidence provided at the dispositional hearing, we affirm the district court's conclusion that Howard willfully violated the terms of his probation.

## CONCLUSION

[¶ 17] The district court did not abuse its discretion in revoking Howard's probation. Affirmed.