# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 115

### APRIL TERM, A.D. 2014

### September 16, 2014

ANTOINE DEVONNE BUTLER,

Appellant
(Defendant),

v.

S-13-0217

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
The Honorable Steven K. Sharpe, Judge

***Representing Appellant:***

Office of the Public Defender:  Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel.

***Representing Appellee:***

Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Darrell D. Jackson, Faculty Director, Prosecution Assistance Program; David E. Singleton, Student Director; Samantha Daniels, Student Intern.

*Before BURKE, C.J., and HILL, KITE\*, and FOX, JJ., and CRANFILL, D.J.*

*\* Chief Justice at time of expedited conference.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**CRANFILL, District Judge.**

[¶1]    Appellant Antoine Devonne Butler challenges the revocation of his probation.  He argues his probation was revoked based on violations for which he had previously been punished with administrative sanctions, which is in violation of Wyo. Stat. Ann. § 7-13-1107 (LexisNexis 2013).  We agree the plain language of Wyo. Stat. Ann. § 7-13-1107 requires the State to choose between administrative sanctions or revoking the probation of an Intensive Supervision Program participant who violates the rules.  The State cannot subject a person to both punishments based on the same violations.  In this case, the violations the State relied upon in their petition to revoke probation were the same violations which had previously been subject to administrative sanctions.  We therefore reverse the order revoking probation and remand to the district court for an order granting Butler's motion to dismiss the State's Petition for Probation Revocation.

## ISSUE

[¶2]    The parties generally agree the sole issue for our review is:

        Whether Mr. Butler's probation was properly revoked based on Intensive Supervision Program violations which had previously been subject to administrative sanctions.

## FACTS

[¶3]    On July 6, 2010, Mr. Butler was arrested for conspiracy to commit burglary and accessory, aiding and abetting that same burglary.  He pled guilty pursuant to a plea agreement to the charge of conspiracy to commit burglary.  He received a deferral under Wyo. Stat. Ann. § 7-13-301 (LexisNexis 2013), and in March of 2011, the district court placed him on supervised probation for five years.  The State filed a petition to revoke that probation on July 25, 2011.  The petition alleged the Defendant had violated his probation in that he 1) did not report for a scheduled appointment with his supervising agent; 2) moved without his agent's knowledge or consent; 3) failed to perform community service as directed by his supervising agent; and 4) had not paid his Victim's Compensation Fund fee.  Mr. Butler admitted the allegations in the petition, and the probation was revoked and reinstated.

[¶4]    The State filed a second petition to revoke probation on January 4, 2013.  The petition alleged the Defendant had violated his probation in that he 1) left the state of Wyoming without a valid travel permit or approval from his supervising agent; 2) failed to report to the Probation/Parole office for scheduled appointments; 3) was convicted of False Reporting-False Identification, a misdemeanor in Colorado; 4) had not actively sought employment or participated in community service as directed by his supervising

1

agent; and 5) failed to make consistent payments toward the court-ordered Victim's Compensation Fund surcharge, Public Defender fees, ASL/ASAM assessment fee and Court automation fee. Mr. Butler admitted the allegations of the petition. The district court revoked Mr. Butler's deferral and imposed a four to seven year sentence, which was suspended in favor of five years of supervised probation. The district court also placed Mr. Butler in an intensive supervision program (ISP) pursuant to Wyo. Stat. Ann. § 7-13-1101, et seq. (LexisNexis 2013).

[¶5]     Mr. Butler committed eleven violations of the rules while in the ISP. The ISP program gave him an administrative sanction for those violations by placing Mr. Butler in a residential community corrections program, Cheyenne Transitional Center (CTC) for sixty days. He was expelled from the CTC after only two days. The expulsion resulted from Mr. Butler being allowed to go to a library, but an ISP employee was unable to locate him there despite looking through the entire library twice.

[¶6]     On June 17, 2013, the State filed another petition to revoke probation relying on the eleven violations of the ISP rules that had led to placement at CTC. The petition alleged the Defendant had violated his probation in that 1) his whereabouts were unknown; 2) he violated condition #5 of the ISP Agreement by being off schedule on April 17, 2013; 3) he failed to maintain employment; 4) he violated condition #5 of the ISP Agreement by being off schedule on April 22, 2013; 5) he violated condition #12 of the ISP Agreement by being at an unapproved location on April 22, 2013; 6) he violated condition #15 of the ISP Agreement by having contact with an unapproved person on April 22, 2013; 7) he violated condition #5 of the ISP Agreement by being off schedule on April 30, 2013; 8) he violated condition #5 of the ISP Agreement by being off schedule on May 27, 2013; 9) he violated condition #18 of the ISP Agreement by removing his Electronic Monitor on May 27, 2013; 10) he violated condition #13 of the ISP Agreement by being at an unapproved location on May 17, 2013; and 11) he violated condition #15 of the ISP Agreement by having contact with an unapproved person on May 27, 2013.

[¶7]     Mr. Butler admitted and explained the allegations contained in the petition at the probation revocation hearing. However, he argued the alleged violations could not form the basis for a probation revocation because they had previously been subject to administrative sanctions (placement at CTC). He also argued at the hearing that he should not have been expelled from CTC because he was unaware he was required to "check-in" with ISP when he arrived at the library. The district court revoked Mr. Butler's probation and imposed the underlying sentence of four to seven years with a referral to the youth offender (Boot Camp) program. This appeal followed.

2

## STANDARD OF REVIEW

[¶8]   Statutory interpretation is a question of law that this Court reviews *de novo*. *MF v. State*, 2013 WY 104, ¶ 6, 308 P.3d 854, 857 (Wyo. 2013) (citing *Rock v. Lankford*, 2013 WY 61, ¶ 17, 301 P.3d 1075, 1080 (Wyo. 2013); *In re DCP*, 2001 WY 77, ¶ 7, 30 P.3d 29, 30 (Wyo. 2001)).

[¶9]   A district court's decision to revoke probation is reviewed for an abuse of discretion. *DeMillard v. State*, 2013 WY 99, ¶ 11, 308 P.3d 825, 829 (Wyo. 2013).

> A district court's decision to revoke probation and impose a sentence is discretionary and will not be disturbed unless the record demonstrates a clear abuse of discretion. *Mapp v. State*, 929 P.2d 1222, 1225 (Wyo. 1996). We review the district court's decision to determine whether the court could reasonably conclude as it did. *Id*. "Upon review, all that is necessary to uphold a district court's decision to revoke probation is evidence that it made a conscientious judgment, after hearing the facts, that a condition of probation had been violated." *Sweets v. State,* 2003 WY 64, ¶ 9, 69 P.3d 404, 406 (Wyo. 2003).

*Id.*, ¶ 11, 308 P.3d 829 (citing *Forbes v. State*, 2009 WY 146, ¶ 6, 220 P.3d 510, 512-13 (Wyo. 2009)).

## DISCUSSION

[¶10]  In interpreting statutes, we seek to determine the legislature's intent:

> All statutes must be construed *in pari materia* and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with the legislature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute *in pari materia*. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary

meaning of the words and do not resort to the rules of statutory construction. Moreover, we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation.

Moreover, we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions. Only if we determine the language of a statute is ambiguous will we proceed to the next step, which involves applying general principles of statutory construction to the language of the statute in order to construe any ambiguous language to accurately reflect the intent of the legislature. If this Court determines that the language of the statute is not ambiguous, there is no room for further construction. We will apply the language of the statute using its ordinary and obvious meaning.

*Stowe v. Stowe*, 2014 WY 97 (Wyo. 2014) (citing *Redco Const. v. Profile Properties, LLC,* 2012 WY 24, ¶ 26, 271 P.3d 408, 415–16 (Wyo. 2012)) (quoting *Cheyenne Newspapers, Inc. v. Building Code Bd. of Appeals of City of Cheyenne,* 2010 WY 2, ¶ 9, 222 P.3d 158, 162 (Wyo. 2010) (which in turn cites *BP Am. Prod. Co. v. Dep't of Revenue,* 2005 WY 60, ¶ 15, 112 P.3d 596, 604 (Wyo. 2005)).

[¶11]   The Legislature has given the Department of Corrections authorization to establish an intensive supervision program (ISP) for probationers and parolees and also granted the Department general supervisory authority over those who participate in the program. Wyo. Stat. Ann. §§ 7-13-1101, -1102(a), and -1102(d) (LexisNexis 2013). The ISP established under this article may require:

> (i)     Electronic monitoring, regimented daily schedules or itineraries, house arrest, telephone contact, drug testing, curfew checks or other supervision methods which facilitate contact with supervisory personnel;

> (ii)    Community service work, family, educational or vocational counseling, treatment for substance abuse, mental health treatment and monitoring of restitution orders and fines previously imposed on the participant; and

> (iii)   Imposition of supervision fees to be paid by participants.

Wyo. Stat. Ann. § 7-13-1102(b).

[¶12] Participation in an ISP is a matter of grace and not of right. Wyo. Stat. Ann. § 7-13-1103(a) (LexisNexis 2013). No person is allowed to participate in an ISP unless they agree in writing to follow and abide by all the rules and regulations established by the Department related to the operation of the program and agree to submit to the administrative sanctions which may be imposed under Wyo. Stat. Ann. § 7-13-1107. Wyo. Stat. Ann. § 7-13-1103(b). The Legislature has also given sentencing courts the authority to place a defendant in an ISP as a condition of their probation. Wyo. Stat. Ann. § 7-13-1105 (LexisNexis 2013). Section 1107 provides:

> 7-13-1107. Administrative sanctions for program violations.
>
> (a) The department is authorized to establish by rule and regulation a system of administrative sanctions *as an alternative* to probation or parole revocation for probationers and parolees who violate the rules and restrictions of an intensive supervision program established under this article.
>
> (b) Authorized sanctions may include:
>
> (i) Loss or restriction of privileges;
>
> (ii) Community service; and
>
> (iii) Restriction on personal liberty including:
>
> (A) Detention in county jail for a period not exceeding thirty (30) days;
>
> (B) Placement in a residential community correctional program for a period not to exceed sixty (60) days.

Wyo. Stat. Ann. § 7-13-1107(a), (b) (LexisNexis 2013) (emphasis added).

[¶13] The emphasis that has been added to Wyo. Stat. Ann. § 7-13-1107(a) reflects a legislative intent that when an ISP participant violates the program rules and regulations, the State is required to choose between subjecting that participant to administrative sanctions under the statute or revoking their probation. This Court came to the same conclusion in *Umbach v. State* where we said "[i]f the State decides that a probationer who has violated a program rule should be subjected to administrative sanctions, then it shall not also seek probation revocation for that violation." *Umbach v. State*, 2002 WY 42, ¶ 12, 42 P.3d 1006, 1009 (Wyo. 2002).

5

[¶14] A plain language reading of Wyo. Stat. Ann. § 7-13-1107 does not permit the State to both revoke Mr. Butler's probation and subject him to administrative sanctions. The imposition of both options violates the statute's express terms. In this case, the State chose to subject Mr. Butler to administrative sanctions for the eleven ISP violations by placing him at CTC.

[¶15] The State argues that Mr. Butler was placed at CTC for violating the rules of the intensive supervision program. They further argue he was removed from CTC because he violated the ISP program rules, and it was at that time the district court revoked his probation. The State urges this Court to conclude Mr. Butler's probation was properly revoked because he failed to fully serve the administrative sanction.

[¶16] A close examination of the *Petition for Revocation of Probation* and *Affidavit for and Request for Revocation of Probation Bench Warrant* reveals that nowhere in the petition does the State allege Mr. Butler's probation should be revoked for a failure to complete the administrative sanction. The State petitioned to have Mr. Butler's probation revoked based solely on his eleven ISP violations, which had already been subject to administrative sanctions.

## CONCLUSION

[¶17] The district court erred when it granted the State's *Petition to Revoke Probation* because the violations contained in the petition had already been subject to administrative sanctions. Using these same violations to revoke Mr. Butler's probation is contrary to Wyo. Stat. Ann. § 7-13-1107 and our ruling in *Umbach*.

[¶18] Reversed and remanded for proceedings consistent with this opinion.