# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 160

### OCTOBER TERM, A.D. 2022

### December 21, 2022

NATHAN JESS MICHAEL SCHUERMAN,

Appellant
(Defendant),

v.

S-22-0103

THE STATE OF WYOMING,

Appellee
(Plaintiff).

---

*Appeal from the District Court of Campbell County*
*The Honorable Stuart S. Healy III, Judge*

*Representing Appellant:*
Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Elizabeth B. Lance, Lance & Hall LLP, Cheyenne, Wyoming.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Catherine M. Mercer*, Assistant Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

* An Order Allowing Withdrawal of Counsel was entered on September 2, 2022.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    A jury convicted Nathan Jess Michael Schuerman of two counts of aggravated assault for attempting to cause harm to others after he led law enforcement on a high-speed chase and nearly collided with an officer in his vehicle.  Mr. Schuerman appeals one aggravated assault conviction.  He argues the district court erred when it instructed the jury that it could find him guilty if it found he acted knowingly.  Finding error, we reverse and vacate the appealed aggravated assault conviction.  Because the record is unclear as to the state of Mr. Schuerman's second aggravated assault conviction, we remand for clarification and resentencing, if necessary.

*ISSUE*

[¶2]    Mr. Schuerman presents a single issue on appeal:  Did the district court abuse its discretion when it instructed the jury that attempted aggravated assault under Wyo. Stat. Ann. § 6-2-502(a)(i) could be committed knowingly?

*FACTS*

[¶3]    On April 17, 2020, Mr. Schuerman and his girlfriend had a fight in Moorcroft, Crook County, Wyoming, and 911 was called.  A patrolman from the Moorcroft Police Department arrived on the scene.  When he arrived, he encountered Mr. Schuerman who indicated he had a gun in his pocket and refused to show his hands.  Almost immediately, Mr. Schuerman managed to flee the scene.  He got in his truck and drove to Campbell County where he led law enforcement officers on a high speed chase.  During the chase, Mr. Schuerman drove his truck straight at the patrol car occupied by Deputy Coxbill and only narrowly missed colliding with him.  Shortly afterward, Mr. Schuerman rolled his truck and was apprehended.  A handgun and ammunition were found in the glove box of the truck.

[¶4]    Mr. Schuerman was charged with seven counts: two counts of aggravated assault and battery (the first, under Wyo. Stat. Ann. § 6-2-502(a)(i), for attempting to cause serious bodily injury to Deputy Coxbill; and the second, under Wyo. Stat. Ann. § 6-2-502(a)(ii), for threatening Deputy Coxbill with a vehicle), interference with a peace officer, possession of a deadly weapon with unlawful intent, aggravated eluding, destruction of property, and reckless driving.  Initially Mr. Schuerman entered a plea of not guilty by reason of mental illness or deficiency, but, after a mental health evaluation, amended his plea to no contest to Counts I, III, and IV.  After a second mental health evaluation, he changed his pleas to not guilty on all counts and exercised his right to a jury trial.

[¶5]    At the pretrial conference, the State proposed a jury instruction for the first aggravated assault and battery charge.  The proposed instruction delineated the elements of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(i) ("attempts to cause

1

serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life"). The proposed instruction described the applicable mental state as "Intentionally OR Knowingly OR Recklessly." At the pretrial conference, Mr. Schuerman, relying on *Kite v. State*, 2018 WY 94, 424 P.3d 255 (Wyo. 2018), objected to that instruction, arguing that "recklessly" is inconsistent with the specific intent required to prove an "attempt" to cause serious bodily injury. The district court agreed and removed "recklessly" from the instruction. At trial, Mr. Schuerman, based upon *Kite*, again objected to the instruction, and requested that the court also remove "knowingly" from the instruction. The court denied the request and instructed the jury:

<u>INSTRUCTION NO. 11</u>

The elements of the criminal offense of ***Aggravated Assault and Battery***, as charged in Count I of this case, are:

1. On or about April 17, 2020;

2. In Campbell County, Wyoming;

3. The Defendant, Nathan Schuerman;

4. Intentionally or knowingly;

5. Attempted to cause serious bodily injury to Deputy Eric Coxbill.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

The special verdict form likewise allowed the jury to find Mr. Schuerman guilty of Count I, aggravated assault and battery, if it determined he acted intentionally or knowingly or both. Using the form, the jury rendered the following verdict as to Count I:

**Count I:** We the jury, duly empaneled and sworn to try the above entitled cause, do find that as to the crime of *Aggravated Assault and Battery*, the Defendant is:

_____     Not Guilty

_____X____     Guilty (mark one or more below)

         _____ a.   We unanimously find that the Defendant intentionally attempted to cause serious bodily injury to another.

         ____X____ b.   We unanimously find that the Defendant knowingly attempted to cause serious bodily injury to another.

The jury, by marking alternative b., found Mr. Schuerman guilty of aggravated assault and battery for "knowingly" attempting to cause serious bodily injury. The jury also found Mr. Schuerman guilty of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(ii), possession of a deadly weapon with unlawful intent, aggravated eluding, destruction of property, and reckless driving. It acquitted Mr. Schuerman of interference with a peace officer.

[¶6] At sentencing, the State raised a double jeopardy concern regarding the two aggravated assault and battery convictions. In response, the district court entered its Order Amending Judgment and Vacating Conviction for Count II, removing the direct reference to Count II and amending Count I to read: "Aggravated Assault and Battery, a felony, in violation of Wyoming Statutes §§ 6-2-502(a)(i) and/or (a)(ii), (b), and 6-10-102[.]" The district court sentenced Mr. Schuerman to nine to ten years of imprisonment for aggravated assault and battery, four and a half to five years for possession of deadly weapon, four and a half to five years for aggravated eluding, one hundred eighty days for destruction of property, and one hundred eighty days for reckless driving. Mr. Schuerman appeals.

### *STANDARD OF REVIEW*

[¶7] Mr. Schuerman objected to the jury instruction and verdict form at trial, establishing our review for an abuse of discretion. *Neidlinger v. State*, 2021 WY 39, ¶ 41, 482 P.3d 337, 349 (Wyo. 2021) (because defense counsel objected to special verdict form, review was for abuse of discretion); *Schmuck v. State*, 2017 WY 140, ¶ 45, 406 P.3d 286, 301 (Wyo. 2017) (when defense counsel objects at trial, we review jury instructions for an abuse of discretion).

District courts "are afforded substantial latitude to tailor jury instructions to the facts of the case." *Dugan* [*v. State*, 2019 WY 112, ¶ 34, 451 P.3d 731, 742 (Wyo. 2019)] (quoting *Birch v. State*, 2018 WY 73, ¶ 12, 421 P.3d 528, 533 (Wyo. 2018)). So long as the verdict form and "jury instructions correctly state the law and adequately cover the issues presented in the trial, reversible error will not be found." *Id.*; *see also Kite v. State*, 2018 WY 94, ¶ 21, 424 P.3d 255, 262 (Wyo. 2018).

"An incorrect ruling on an instruction [or verdict form] must be prejudicial to constitute reversible error." *Schmuck*, ¶ 45, 406 P.3d at 301 (quoting *Hurley v. State*, 2017 WY 95, ¶ 8, 401 P.3d 827, 830 (Wyo. 2017)). A defendant is not prejudiced unless he can establish that the given instructions or verdict form confused or misled the jury. *Tingey v. State*, 2017 WY 5, ¶ 40, 387 P.3d 1170, 1181 (Wyo. 2017) ("Because the purpose of jury instructions is to provide guidance on the applicable law, prejudice will result when the instructions confuse or mislead the jury."); *Giles v. State*, 2004 WY 101, ¶ 14, 96 P.3d 1027, 1031 (Wyo. 2004) ("Prejudice will be determined to exist only where an appellant demonstrates that the instruction given confused or misled the jury with respect to the proper principles of law.").

*Neidlinger*, ¶¶ 41–42, 482 P.3d at 349. Our review considers whether the instruction correctly stated the law, and, if it did not, whether it misled or confused the jury.

[¶8] Mr. Schuerman asserts that use of the term "knowingly" in the instruction and verdict form was erroneous. This claim of error presents a question of statutory interpretation. "Questions of statutory interpretation are questions of law, which this Court reviews de novo." *Marfil v. State*, 2016 WY 12, ¶ 17, 366 P.3d 969, 973 (Wyo. 2016) (citing *Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer*, 2015 WY 127, ¶ 14, 357 P.3d 1118, 1124 (Wyo. 2015)).

### *ANALYSIS*

***Did the district court abuse its discretion when it instructed the jury that attempted aggravated assault under Wyo. Stat. Ann. § 6-2-502(a)(i) could be committed knowingly?***

[¶9] Wyo. Stat. Ann. § 6-2-502(a)(i) defines the crime of attempted aggravated assault:

(a) A person is guilty of aggravated assault and battery if he:

4

> (i) Causes or attempts to cause serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

Wyo. Stat. Ann. § 6-2-502(a)(i) (LexisNexis 2019). Mr. Schuerman, relying on *Kite*, argues that the district court erred when it instructed the jury that attempted aggravated assault under Wyo. Stat. Ann. § 6-2-502(a)(i) could be committed "knowingly."

[¶10]  As Mr. Schuerman suggests, our analysis is governed by *Kite*. In *Kite*, Mr. Kite was charged with aggravated assault under Wyo. Stat. Ann. § 6-2-502(a)(i) and (ii) after engaging in a high speed chase with law enforcement. *Kite*, ¶¶ 5–7, 424 P.3d at 258. The trial court instructed the jury that the elements of aggravated assault under subsection (a)(i) included that the defendant "Intentionally OR knowingly OR recklessly under circumstances which showed an extreme indifference to the value of human life . . . attempted to cause serious bodily injury . . . ." *Id.* ¶ 18, 424 P.3d at 262. Mr. Kite argued that the district court erred when it instructed "the jury that an attempted battery could be committed knowingly or recklessly as well as intentionally." *Id.* ¶ 19, 424 P.3d at 262. We agreed, explaining that attempted aggravated assault under subsection (a)(i) is a specific intent crime because it requires an intent to create an additional consequence— serious bodily injury. *Id.* ¶¶ 23, 25, 424 P.3d at 263. With regard to the term "recklessly," we explained,

> The term [recklessly] has no place as an element of an attempted crime. A conscious disregard of a risk, and even an extreme indifference to the value of human life, differs from an intent to cause a particular result. It simply makes no sense to say that an individual can specifically intend a further act or consequence through conscious disregard or extreme indifference. Because we presume that the legislature acts in a thoughtful and rational manner with full knowledge of existing law and intends new statutory provisions to be read in harmony with existing law, we presume the legislature did not intend to use the terms "recklessly" and "extreme indifference" to modify the phrase "attempts to cause."

*Id.* ¶ 29, 424 P.3d at 264.

[¶11]  We concluded that because Mr. Kite did not actually cause bodily injury, to prove attempt, the "State was required to prove that Mr. Kite acted with a specific intent to cause serious bodily injury." *Id.* ¶ 33, 424 P.3d at 265. We nevertheless upheld the instruction in *Kite* because "although the elements instruction for subsection (a)(i) did instruct the jury that it could find Mr. Kite guilty of attempted aggravated assault and battery if it found he

acted recklessly or knowingly, the instruction also offered the correct option for Mr. Kite's state of mind, that he acted intentionally[,]" and the verdict form indicated the jury found his actions were "an intentional attempt to cause serious bodily injury." *Id.* ¶ 33, 424 P.3d at 265.

[¶12]   The State argues that *Kite* merely "implied" that attempted aggravated assault could not be committed knowingly. We disagree. While analysis of the term "recklessly" was the focus of the discussion in *Kite*, the holding was clear. We said: "The attempt portion of this statute requires a person to act with the intent to commit a further act, the act of causing bodily injury to another with a deadly weapon." *Id.* ¶ 24, 424 P.3d at 263 (quoting *Sam v. State*, 2017 WY 98, ¶ 72, 401 P.3d 834, 857 (Wyo. 2017)).

> The State was required to prove that Mr. Kite acted with a specific intent to cause serious bodily injury. Fortunately, although the elements instruction for subsection (a)(i) did instruct the jury that it could find Mr. Kite guilty of attempted aggravated assault and battery if it found he acted recklessly or knowingly, the instruction also offered the correct option for Mr. Kite's state of mind, that he acted intentionally.

*Id.* ¶ 33, 424 P.3d at 265. The state of mind that must be proven for a conviction of attempted aggravated assault and battery is the defendant acted intentionally.

[¶13]   Alternatively, the State invites the Court to expand its jurisprudence and "recognize the existence of a knowing attempt" as a mental state sufficient to sustain a conviction under Wyo. Stat. Ann. § 6-2-502(a)(i). We decline the invitation.

[¶14]   The State argues that "[i]n practice, this Court has also repeatedly equated" intentionally and knowingly and cites several cases in support of its contention that the two are synonymous. *Rowe v. State*, 974 P.2d 937, 940 (Wyo. 1999) (Rejecting a claim that child abuse is a specific intent crime and holding there was no requirement for the jury to be instructed on specific intent.); *Barrett v. State*, 2022 WY 64, ¶ 36, 509 P.3d 940, 948 (Wyo. 2022) (Finding sufficient evidence of the element knowingly to support conviction of sexual exploitation of a child under Wyo. Stat. Ann. § 6-4-303(b) a general intent crime.); *Sena v. State*, 2019 WY 111, ¶ 27, 451 P.3d 1143, 1149 (Wyo. 2019) (Affirming a conviction of a probation violation and defining the term willful. In this circumstance, the term "[w]illfully means intentionally, knowingly, purposely, voluntarily, consciously, deliberately, and without justifiable excuse, as distinguished from carelessly, inadvertently, accidentally, negligently, heedlessly or thoughtlessly." (quoting *Edrington v. State*, 2008 WY 70, ¶ 9, 185 P.3d 1264, 1267 (Wyo. 2008))). These cases provide no basis for equating the term knowingly with intent in the context of a specific intent crime.

[¶15]  The statutes do not define "knowingly."  When terms are not defined by statute, we apply their common definition.  *See Bernal-Molina v. State*, 2021 WY 90, ¶ 17, 492 P.3d 904, 909 (Wyo. 2021); *see also Marfil*, ¶ 25, 366 P.3d at 975–76 (explaining that "where a term used in a criminal statute is not given a statutory definition, we presume the legislature did not mean for the term to have a specialized meaning" (citations omitted)).  "We previously held that 'the term 'knowingly' requires no clarification because the legal meaning of the term is not so separate from its ordinary meaning.'"  *Hopkins v. State*, 2019 WY 77, ¶ 26, 445 P.3d 582, 589 (Wyo. 2019) (quoting *Adekale v. State*, 2015 WY 30, ¶ 42, 344 P.3d 761, 770 (Wyo. 2015)).

[¶16]  Merriam-Webster defines "knowing" as "1 : having or reflecting knowledge, information, or intelligence[;] 2 a : shrewdly and keenly alert, ASTUTE[;] b : indicating possession of exclusive inside knowledge or information[;] 3 : COGNITIVE[;] 4 : DELIBERATE[.]"  *Knowing*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/knowing (last visited Dec. 19, 2022).  Applying the most common definition of knowing, to commit a crime knowingly, a defendant must commit the crime with knowledge or information about it.

[¶17]  The State asserts that if we were to "recognize the existence of a knowing attempt," specific intent to cause bodily harm would not be required.  Rather, it would suffice for a defendant to know bodily harm is a likely result of the defendant's conduct.  If we were to adopt the State's position, the line between specific intent and general intent crimes would be obscured.  As we pointed out in *Kite*, we presume the legislature "intends new statutory provisions to be read in harmony with existing law, [and] we presume the legislature did not intend to use the terms 'recklessly' and 'extreme indifference' to modify the phrase 'attempts to cause.'"  *Kite*, ¶ 29, 424 P.3d at 264.  We apply the same reasoning to the term "knowingly."

[¶18]  Consistent with our analysis in *Kite*, we conclude the legislature did not intend to create a general intent attempt crime when it defined attempted aggravated assault.  In 2009, the legislature changed the language in subsection (a)(i) from "causes serious bodily injury" to "causes *or attempts to cause* serious bodily injury."  *Cecil v. State*, 2015 WY 158, ¶ 12, 364 P.3d 1086, 1090 (Wyo. 2015); 2009 Wyo. Sess. Laws 674.  When the legislature added the attempt language to subsection (a)(i), it "intended no more than to create the crime of attempted [aggravated assault and] battery, which is a specific intent crime."  *Kite*, ¶¶ 30–31, 424 P.3d at 264.

[¶19]  To establish the crime of attempted aggravated assault and battery under subsection (a)(i), the State was required to prove that Mr. Schuerman acted with specific intent to cause serious bodily injury—in other words, that he intentionally attempted to cause serious bodily injury to Deputy Coxbill.  Knowingly differs from an intent to cause a particular result and is not sufficient to prove that Mr. Schuerman acted with specific intent to cause serious bodily injury.  The error in the instruction was carried over in the verdict

7

form which allowed the jury to find Mr. Schuerman guilty of aggravated assault and battery if it determined he acted intentionally or knowingly, or both. The jury chose between knowingly and intentionally when it marked the option that Mr. Schuerman "knowingly attempted to cause serious bodily injury" and left blank the space indicating he "intentionally attempted to cause serious bodily injury." Here, unlike *Kite*, we cannot conclude that the instruction and the verdict form provided the "jury a correct and legally sufficient basis on which to convict" Mr. Schuerman of attempted battery under subsection (a)(i). *See Kite*, ¶ 34, 424 P.3d at 265. Mr. Schuerman's conviction for violation of Wyo. Stat. Ann. § 6-2-502(a)(i) is reversed and vacated.

[¶20] Finally, we note that Mr. Schuerman was also convicted of aggravated assault under Wyo. Stat. Ann. § 6-2-502(a)(ii), Count II. While Mr. Schuerman does not challenge that conviction, the record is unclear whether the court vacated the conviction under subsection (a)(ii) or merged Counts I (subsection (a)(i)) and II (subsection (a)(ii)). The Order Amending Judgment and Vacating Conviction for Count II appears to vacate the conviction under Wyo. Stat. Ann. § 6-2-502(a)(ii). However, the sentencing order reads: "Defendant was previously adjudged guilty" of "Aggravated Assault and Battery, a felony, in violation of Wyoming Statutes §§ 6-2-502(a)(i) and/or (a)(ii), (b), and 6-10-102[.]" We remand for clarification and sentencing on Count II, if appropriate.

[¶21] We reverse, vacate, and remand to the district court for proceedings consistent with this opinion.